**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ANTOINE GORUM,

Plaintiff,

vs.

DETECTIVE CAMPANELLA, JOHN DOE and DETECTIVE ROGERS

Defendants.

Case No. 2:12-cv-01095-MMD-GWF

**ORDER AND REPORT AND RECOMMENDATION**

Application to Proceed in Forma Pauperis (#1) and Screening of Complaint (#1-1)
Motion for Counsel (#2)
Motion to Amend (#3)

This matter comes before the Court on Plaintiff's Application to Proceed in Forma Pauperis (#1), filed on June 6, 2012; Plaintiff's Motion for Appointment of Counsel (#2), filed June 25, 2012; and Plaintiff's Motion to Amend *Bivens* Action (#3), filed on July 2, 2012.

**BACKGROUND**

Plaintiff alleges that Defendants Detective Campanella, Detective Rogers, and Agent "John Doe," in their individual capacities, violated his Eighth Amendment rights under 42 U.S.C. § 1983 and *Bivens*. Plaintiff alleges that on two separate occasions Defendants forced him into a life-threatening situation while he was acting in his capacity as a confidential informant. First, Plaintiff claims Defendants Campanella and Agent "John Doe" verbally forced him to complete a dangerous drug sale that resulted in Plaintiff subsequently being robbed, beaten, and threatened. Second, Plaintiff alleges that in April 2012 while incarcerated in county jail, Defendants Campanella and Rogers told him that he had to testify in court for the District Attorney's Office. Plaintiff claims that because he testified his life was placed in danger. As a result, Plaintiff requests injunctive relief, monetary compensation and punitive damages.

## DISCUSSION

### I. Application to Proceed In Forma Pauperis

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Gorum's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

### II. Screening the Complaint

**II. Screening the Complaint**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2).

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*,

449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., See Papasan v. Allain,* 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g*. claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g*. fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**A. *Bivens* Action**

A *Bivens* action provides redress for a plaintiff whose constitutionally protected interest has been violated by a federal official. *See Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Moreover, a *Bivens* action will not lie against the United States, agencies of the United States, or federal agents in their official capacity. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994). Here, Plaintiff claims an Eighth Amendment based-*Bivens* action against state and federal law enforcement officers, however, a *Bivens* action only applies to federal officers. Therefore, Plaintiff's alleged *Bivens* action only applies to the DEA agent who is referred to in the complaint as "John Doe."

The Eighth Amendment prohibits the use of "excessive physical force against [a] prisoner [that] may constitute cruel and unusual punishment even though [the] inmate does not suffer serious injury." *Hudson v. McMillian*, 503 U.S. 1 (1992). Plaintiff claims that Defendant "John Doe" verbally forced him to complete a dangerous drug sale. Plaintiff fails to provide factual information that supports an Eighth Amendment based-*Bivens* action because at the time of the alleged violation Plaintiff was not incarcerated. Also, there is no indication in the facts that "excessive physical force" was exerted on Plaintiff. *Hudson*, 503 U.S. at 1. Because it appears the

. . .

Plaintiff cannot correct the noted deficiencies, the Court recommends that Plaintiff's *Bivens* claim against "John Doe" be dismissed with prejudice.

Plaintiff could also be trying to allege a violation of his due process rights under the Fifth Amendment. In order to bring an excessive force claim under the Fifth Amendment, the force must be an abuse of power by a federal official that is inspired by malice or excessive zeal. *P.B. v. Koch*, 96 F.3d. 1298 (9th Cir. 1996). *See also Christiansen v. City of Tulsa*, 332 F.3d 1270 (10th Cir. 2003). Plaintiff alleges Defendant "John Doe" verbally forced him to complete a drug sale that placed him in danger. Plaintiff fails to allege facts rising to the level necessary to allege a due process violation under the Fifth Amendment. The Court will therefore dismiss Plaintiff's claim without prejudice with leave to amend his complaint to allege facts sufficient to state a due process violation under the Fifth Amendment.

**B. 42 U.S.C. §1983 Claim**

To assert a claim under 42 U.S.C. § 1983, Plaintiff must show that Defendants "acted under color of state law to deprive him of a right, privilege, or immunity protected by the Constitution or laws of the United States." *Gibson v. United States*, 781 F.2d 1334 (9th Cir. 1986). Plaintiff alleges two separate Eighth Amendment violations under § 1983 by Defendants Campanella and Rogers. First, Plaintiff alleges that Defendant Campanella verbally forced him to complete a dangerous drug sale. Plaintiff's complaint fails to provide facts that support a claim for an Eighth Amendment violation by Defendant Campanella because he was not incarcerated and the use of "excessive physical force" was not alleged. *Hudson*, 503 U.S. at 1. Second, Plaintiff alleges that Defendant Rogers verbally forced him to testify in court, which Plaintiff claimed endangered his life. Plaintiff's allegations fail to support a sufficient claim for an Eighth Amendment violation because no "excessive physical force" was employed by Defendant. *Id*. Because it appears Plaintiff cannot correct the noted deficiencies, the Court recommends Plaintiff's § 1983 claims against Defendants Campanella and Rogers based on the Eighth Amendment be dismissed with prejudice.

Plaintiff could also be alleging a claim for violation of his due process rights under the Fourteenth Amendment. The Fourteenth Amendment "protects against the government's

interference with 'an individual's bodily integrity.'" *P.B.*, 96 F.3d at 1303 (citing *Armendariz v. Penman*, 75 F.3d 1311, 1319 (9th Cir. 1996)). Government officials are justified in using force, including deadly force, in carrying out legitimate governmental functions. *P.B.*, 96 F.3d at 1303 (citing *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 882 F.2d 1398, 1408 (9th Cir. 1989)). However, if the force is "excessive, used without justification or for malicious reasons, there is a violation of substantive due process." *Id.* The verbal force Plaintiff alleges Defendants Campanella and Rogers used does not satisfy the requirements for excessive force under the Fourteenth Amendment. The Court will therefore dismiss Plaintiff's claim without prejudice with leave to amend his complaint to allege facts sufficient to state a due process violation under the Fourteenth Amendment.

**III. Motion for Appointment of Counsel (#2)**

The appointment of counsel in a civil case is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993), citing *Mekdeci v. Merrell National Laboratories*, 711 F.2d 1510, 1522 n. 19 (11th Cir. 1983). However, under extraordinary circumstances counsel may be appointed to a plaintiff. *Archie v. Christian*, 812 F.2d 250 (5th Cir. 1987). The existence of extraordinary circumstances is determined by four factors: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel; (3) the meritoriousness of the plaintiff's claim; and (4) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

There is no indication that Plaintiff has attempted to secure counsel to represent him in this case. Although Plaintiff does not have the financial resources to pay attorneys fees, attorneys frequently agree to handle civil rights cases on a contingent fee basis. Plaintiff has demonstrated his ability to articulate his claims pro se in light of the complexity of the legal issues involved. Plaintiff has filed a lengthy, detailed Complaint (#1) describing his claims. Plaintiff has also filed motions that cite to federal statutes and relevant case law. Lastly, even assuming the meritoriousness of Plaintiff's case, the other three factors weigh against appointment of counsel. Therefore, Plaintiff's Motion for Appointment of Counsel (#2) is denied.

**IV. Motion to Amend Bivens Action (#3)**

Plaintiff's Motion to Amend seeks to amend his claims under the Eighth Amendment to add additional causes of relief. Because the Court is recommending dismissal with prejudice of Plaintiff's Eighth Amendment claims, Plaintiff's motion to amend is moot. The Court however is granting Plaintiff leave to amend his complaint to allege facts sufficient to support a Fifth and Fourteenth Amendment claims consistent with this order.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the Court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in Forma Pauperis (#1) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (#2) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend *Bivens* Action (#3) is **denied** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Fifth Amendment and Fourteenth Amendment claims are **dismissed** without prejudice with leave to amend. Plaintiff shall have until **August 30, 2012** to file an amended complaint.

**RECOMMENDATION**

**IT IS RECOMMENDED** that Plaintiff's Eighth Amendment claims be **dismissed** with prejudice for failure to state a claim upon which relief can be granted.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 2nd day of August, 2012.

GEORGE FOLEY, JR.
United States Magistrate Judge